UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUSTO S.,[1]

         Petitioner,

    v.

ORESTES CRUZ, et al.,

         Respondents.

No.  1:26-cv-00469-JLT-SKO (HC)

**FINDINGS AND RECOMMENDATION TO GRANT PETITION**

**[10-DAY DEADLINE]**

Petitioner Justo S. is an immigration detainee proceeding with a petition for writ of habeas corpus. He filed the instant petition on January 20, 2026. (Doc. 1.)

Petitioner contends he is a member of the "Bond Eligible" class in Maldonado Bautista v. Santacruz, No. 5:25-CV-1873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). As a class member, Petitioner claims he is entitled to class-wide, declaratory relief regarding the illegality of the DHS Interim Guidance and therefore entitled to consideration for release on bond under 8 U.S.C. 1226(a). Respondents do not dispute that Petitioner is a class member. They instead argue that Petitioner is not entitled to relief as he is subject to mandatory detention under

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

8 U.S.C. § 1225(b)(2).

For the reasons stated below, the Court will recommend the petition be GRANTED.

**DISCUSSION**

The Maldonado Bautista class action concerns a challenge to the legality of the afore-mentioned DHS Interim Guidance dated July 8, 2025:

> On July 8, 2025, the Department of Homeland Security (DHS) instituted a notice titled "Interim Guidance Regarding Detention Authority for Applicants for Admission." The Notice communicated DHS's choice, in coordination with the Department of Justice ("DOJ") to "revisit[ ] its legal position on detention and release authorities," determining that Section 235 of the Immigration and Nationality Act ("INA") would serve as the applicable immigration detention authority rather than Section 236 for all "applicants for admission." [Id.]. In other words, the change in policy requires ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). Under § 1225(b)(2)(A), "applicants for admission" are subject to mandatory detention for proceedings under 8 U.S.C. § 1229(a) and not entitled to the due process protections found within § 1226(a).

Maldonado Bautista, 2025 WL 3289861, at *1. As a result of the new DHS Policy, the Maldonado Bautista petitioners, like Petitioner here, were denied bond hearings and remained in detention. Id. at *2.

On November 20, 2025, District Judge Sykes granted the petitioners' motion for partial summary judgment and declared the DHS Policy unlawful. Id. at *5-11. After an extensive review of the statutory language, Judge Sykes determined that the DHS policy "unacceptably collapse[s] § 1226 into nonexistence under a wide-reaching interpretation of 'applicants for admission.'" Id. at *11. On November 25, 2025, Judge Sykes granted the petitioners' motion for class certification pursuant to Federal Rule of Civil Procedure 23(b)(2). Maldonado Bautista v. Santacruz, No. 5:25-cv-1873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). The certified, "Bond Eligible Class" was defined as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

Id. at *9. The class was certified "as to Petitioners' claims that the DHS Policy violates the INA and Due Process." Id.

2

The Maldonado Bautista petitioners filed an application for reconsideration and clarification of the November 25, 2025, order. On December 18, 2025, Judge Sykes granted in part and denied in part the application, clarifying that the partial summary judgment order declared the July 8, 2025, policy unlawful and granted vacatur under the APA: "Because vacatur is a necessary consequence of declaring an agency action unlawful, vacatur of the DHS Policy is within the scope of the MSJ Order." Maldonado Bautista v. Santacruz, No. 5:25-cv-1873 SSS BFM, 2025 WL 3713982, at *4 (C.D. Cal. Dec. 18, 2025). Judge Sykes concurrently issued an Amended Consolidated Order that elaborated on the vacatur relief:

> Section 706(2)(A) of the APA commands a reviewing court to "hold unlawful *and set aside* agency action, findings, and conclusions" that are found to be "arbitrary, capricious, ... or otherwise not in accordance with law." § 706(2)(A) (emphasis added). The only possible outcome following the Court's interpretive determination regarding the INA is vacatur under the APA.

Maldonado Bautista v. Santacruz, No. 5:25-cv-1873 SSS BFM, 2025 WL 3713987, at *16 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom.* Maldonado Bautista v. Noem, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Here, it is clear Petitioner is a member of the "Bond Eligible" class. He is a noncitizen without lawful status who entered the United States in 2004, who was not apprehended upon arrival, and who is not detained under § 1226(c), § 1225(b)(1), or § 1231. He is therefore entitled to class-wide, declaratory relief regarding the illegality of the DHS Interim Guidance.

Additionally, Judge Sykes' APA vacatur of the DHS Interim Guidance is universal and applies with equal force here. Maldonado Bautista, 2025 WL 3713987, at *15–17 (rejecting argument that 8 U.S.C. § 1252(f)(1), which places limits on injunctive relief, prohibits nationwide vacatur of the DHS policy guidance); see also Nat'l TPS All. v. Noem, 773 F. Supp. 3d 807, 867 (N.D. Cal. 2025) (holding APA vacatur of DHS decisions concerning Venezuelan temporary protected status holders were "nationwide in scope" and distinguishing APA vacatur from nationwide injunctions), *aff'd*, 150 F.4th 1000 (9th Cir. 2025); Texas v. United States, 40 F.4th 205, 229 n.18 (9th Cir. 2022) ("reject[ing] DHS's contention that the nationwide vacatur is overbroad[;] [i]n the context of immigration law, broad relief is appropriate to ensure uniformity and consistent in enforcement").

3

In the alternative, Respondent urges the Court to hold the matter in abeyance until the Ninth Circuit resolves Rodriguez v. Bostock, 779 F.Supp.3d 1239, 9th Cir. Docket No. 25-6842 (W.D. Wash. Apr. 24, 2025). Respondents state that Rodriguez involves issues that may have precedential effect in this case. (Doc. 7 at 2.) The Court does not find a stay to be necessary, because the legal issues are clear and the habeas petition can be resolved on its merits.

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of

/////

/////

4

Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **January 29, 2026**                          /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE