**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTO S.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ORESTES CRUZ, et al.,<br><br>　　　　　Respondents. | No. 1:26-cv-00469 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br>(Doc. 9)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING |

　　　　Justo S. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Petitioner claims to be a member of the bond-eligible class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), because he does not have lawful status in the United States, has been residing here for more than 20 years and was not apprehended upon arrival, and is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. (*See* Doc. 1, ¶ 6.) *Maldonado Bautista* entered final judgment declaring unlawful Respondents' policy of holding class members without the opportunity for release on bond. (*Id.*, ¶¶ 1–4.) Notwithstanding that judgment, Petitioner alleges that he is being detained without having been given a bond hearing of any kind. (*See id.*, ¶ 5.) Petitioner asserts that because he is being detained in violation of the *Maldonado Bautista* judgment, this Court

1

should order his immediate release (*id.*, ¶ 11), or should order his release unless he is provided a bond hearing under 8 U.S.C. § 1226(a) within seven days. (*Id.*, ¶ 12.) In response, Respondents only argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Respondents also indicate in a footnote that Petitioner has twice been convicted of driving under the influence: once in 2023 Petitioner for a felony DUI causing bodily injury in violation of California Vehicular Code 23153(b), and again in 2025 for a felony violation of VC 23152(b). (Doc. 7 at 1 n. 1.)

On January 30, 2026, the assigned magistrate Judge issued Findings and Recommendations to grant the petition and immediately release Petitioner. (Doc. 9.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 10 days. (Doc. 9.) On February 6, 2026, Respondents filed objections, which simply reiterate Respondents' position that Petitioner is subject to mandatory detention under § 1225(b)(2)(A). (Doc. 10.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court adopts the Findings and Recommendations in Part. The Court declines to address whether Petitioner is entitled to relief in this habeas petition simply because he is a *Maldonado Bautista* class member. Instead, the Court adopts the reasoning set forth in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), which explains why persons in Petitioner's situation, i.e., those who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system, are <u>not</u> subject to mandatory detention under § 1225(b)(2). In *Crispin*, the petitioner was granted immediate release considering that the only basis for detention argued by Respondents was § 1225(b)(2). *Id.* at *7. Notably, *Crispin* had never been arrested or charged with a crime, and Respondents did not contend he was a danger to the community or a flight risk. *Id.* at *1, 7. As mentioned, the present record indicates Petitioner has two felony DUI convictions. *See Victor Hugo Haro Gomez v. Mark Bowen*, No. 5:26-CV-00349-AH-RAO, 2026 WL 288901, at *2 (C.D. Cal. Jan. 30, 2026) (adopting reasoning of *Maldonado Bautista* and ordering bond hearing); *cf M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025

WL 3265446, at *11 (E.D. Cal. Nov. 24, 2025) (finding post deprivation bond hearing is appropriate remedy for due process violation where petitioner who was on parole was redetained by immigration authorities for a supervision violation).

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 6, 2026, (Doc. 9), are **ADOPTED** in part.

2. The petition for writ of habeas corpus is **GRANTED IN PART**.

   a. Respondents **SHALL** provide Petitioner a *substantive* bond hearing **no later than March 2, 2026,** at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released.[1]

   b. At any such hearing, the Government **SHALL** bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner **SHALL** be allowed to have counsel present.

   c. If no such hearing is provided by the deadline, or any adjusted deadline agreed to by the parties, Respondents **SHALL** release Petitioners.

3. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **February 18, 2026**                                    _Jennifer L. Thurston_
                                                                                    UNITED STATES DISTRICT JUDGE

---

[1] This order is not intended to override Respondents' authority to mandatorily detain Petitioner under any provision other than § 1225(b)(2), should doing so be statutorily authorized **and** consistent with the interpretation of this section as articulated by the undersigned.

3